**UNITED STATES DISTRICT COURT**
**for the EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MARIE LACARRIERE, UNITED STATES INTERNAL REVENUE SERVICE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY DEPARTMENT OF FINANCE,<br><br>Defendants. | Civil Action No. 1:25-cv-6583<br><br>**DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM** |

**DECLARATION OF FRITZGERALDE GEORGES IN SUPPORT OF MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**

Fritzgeralde Georges declares under penalty of perjury, pursuant to 28 USC Section 1746, that the foregoing is true and correct:

1. Dr. Marie Lacarriere is my mother, and I live with her in the property which is the subject of this foreclosure action. I am fully familiar with the facts and circumstances of this case.

2. I make this declaration in support of the motion pursuant to Federal Rule of Civil Procedure 17 to be appointed as guardian *ad litem* for Marie Lacarriere, who is not mentally competent to comprehend her rights in this action.

3. My mother is currently diagnosed with Alzheimer's disease.

4. I first started noticing symptoms in 2016; there were subtle changes in her personality. She seemed more dependent on me and began making decisions that were inconsistent with her personality.

5. In 2017 and 2018, the strange behaviors continued. She would receive phone calls from family members in Haiti and would often send them thousands of dollars as a consequence.

6. In early 2020, my mother began displaying aggressive and abusive behavior toward me.

7. In November 2021, my mother was in a car accident. She backed into a fence as she was leaving church. When we spoke about it, she displayed indifference and combativeness.

8. My mother's strange behavior continued to escalate throughout 2022 and 2023. She was increasingly uninhibited and abusive. She was often paranoid, accusing me of stealing money from her.

9. My mother had a long career as a dentist, but beginning in 2022, she was not able to keep a job.

10. In early 2024, her then-employer contacted me to report that she was exhibiting paranoia and aggression toward others and that they needed to let her go.

11. I went with my mother to see her current neurologist in March 2024. At that time, she received a diagnosis of dementia with behavioral disturbance. After further tests, she was diagnosed with Alzheimer's disease. Attached herewith as Exhibits A and B are true and accurate copies of letters provided by my mother's treating physician, Adina Alport, dated June 10, 2024, and October 17, 2025, respectively.

12. I am currently my mother's sole caretaker.

13. My mother is very limited in her daily activities. She exhibits memory loss and is not able to drive or cook. She continues to exhibit confusion and paranoid and aggressive behaviors, including tantrums, physical aggression, and wandering.

14. My mother still has some days when she is capable of resuming some of her daily activities and she is able to understand the consequences and effects of her diagnosis. Those days are becoming less frequent.

15. I have been acting informally as my mother's guardian and fiduciary because she has not yet signed a power of attorney—those discussions often cause her to become agitated, another symptom of the disease.

16. My mother's condition has rendered her unable to make personal decisions, to protect her own rights, or to meaningfully participate in this litigation.

17. I wish to become guardian *ad litem* for my mother, Marie Lacarriere, to defend her interests in this foreclosure action. I am ready, willing, and able to undertake the time commitment and responsibility associated with her defense. I have asked my mother if she has any objection to my becoming her guardian ad litem for the purposes of this action, and she has not raised any.

DATED: 6/11/2026




________________________________________

Fritzgeralde Georges